# EXHIBIT A-3

Filed: 7/14/2020 3:52 PM
Lynne Finley
District Clerk
Collin County, Texas
By Alexis Scherff Deputy
Envelope ID: 44513732

CAUSE NO. 471-03380-2020

| | | |
|---|---|---|
| FRISCO SKY, LLC, FRISO SUN, LLC, AND FRISO MOON, LLC, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | COLLIN COUNTY, TEXAS |
| VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON WIRELESS SERVICES, LLC, AND ERVIN CABLE CONSTRUCTION, LLC, | § § § § § § | |
| *Defendants.* | § | 471ST JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF THIS COURT:**

COME NOW, Plaintiffs Frisco Sky, LLC ("Frisco Sky"), Frisco Sun, LLC ("Frisco Sun"), and Frisco Moon, LLC ("Frisco Moon" and collectively with Frisco Sky and Frisco Sun, "Plaintiffs") and file this First Amended Petition and Request for Disclosures, complaining of Defendants Verizon Business Network Services, Inc., Verizon Wireless Services, LLC, (collectively with Verizon Business Network Services, Inc., "Verizon"), and Defendant Ervin Cable Construction, LLC ("Ervin" and collectively with Verizon, "Defendants"), and petitions the Court for recovery of damages under the causes of action set forth below, and respectfully shows as follows:

### I. CASE SUMMARY

1.01 One of the bedrock principles of our constitutional republic is the private ownership of property. Defendants' complete and utter disregard for that principle is the basis for the instant action.

1.02  At its core, this case arises out of Defendants' continued physical trespass on Plaintiffs' commercial real property legally described as "Being all of THE HEIGHTS AT FRISCO, BLOCK A, LOTS 1-3, an addition to the City of Frisco, Collin County, Texas, according to the plat thereof recorded in Volume 2017, Page 397 Plat Records of Collin County, Texas" (collectively hereinafter, the "Property"). Further, despite Defendants' repeated promises to promptly remove all trespassing agents, live fiber optic cables, and other equipment and materials, Defendants' deliberately failed to take timely and appropriate action. Instead, Defendants continue to enjoy the unjust profits of their illegal conduct on Plaintiffs' Property at Plaintiffs' expense.

## II.  DISCOVERY CONTROL PLAN

2.01  Pursuant to Rule 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery in this case under Level 3. Plaintiffs affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

## III.  CLAIM FOR RELIEF

3.01  Plaintiffs seeks monetary relief over $1,000,000 under Texas Rule of Civil Procedure 47(c)(4).

## IV.  PARTIES

4.01  Plaintiff Frisco Sky, LLC, is a Texas limited liability company, which may be served with process in this action through the undersigned counsel.

4.02  Plaintiff Frisco Sun, LLC, is a Texas limited liability company, which may be served with process in this action through the undersigned counsel.

4.03  Plaintiff Frisco Moon, LLC, is a Texas limited liability company, which may be served with process in this action through the undersigned counsel

4.04 Defendant Verizon Business Network Services, Inc., is a corporation formed under the laws of Delaware. Verizon may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

4.05 Defendant Verizon Wireless Services, LLC, is a limited liability company formed under the laws of Delaware. Verizon Wireless may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

4.06 Defendant Ervin Cable Construction, LLC, is a limited liability company formed under the laws of Delaware. Ervin may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## V. JURISDICTION & VENUE

5.01 This Court has jurisdiction over this lawsuit because the amount in controversy exceeds this Court's jurisdictional requirements.

5.02 Venue is proper in Collin County, Texas, under the Texas Civil Practice and Remedies Code § 15.002, because all or a substantial part of the events or omissions giving rise to the claims set forth below occurred in Collin County.

## VI. FACTS

6.01 Verizon is an international telecommunications conglomerate, which provides network and other services to millions of corporate entities and individuals around the globe. Ervin is a contractor tasked with the construction and installation of various utilities for companies like Verizon in several states across the country.

6.02   With absolutely no request for permission, or even notice, and with no legal authority, Defendants suddenly invaded Plaintiffs' Property with several employees, agents, and various large construction equipment and materials. **Defendants illegally excavated land and installed live fiber plants and fiber optic cables, stretching across approximately 2,000 feet of the Property.** Further, these trespasses have effectively halted Plaintiffs' development operations in addition to their ability to use, market, sell, or lease the land on which the Property is located.

6.03   Shortly after discovering Defendants' illicit activity on the Property, Plaintiffs notified representatives of Verizon and Ervin, and requested that the trespassing items be removed from the Property or relocated to a right of way. Despite repeated assurances that they would promptly comply, Defendants deliberately failed to take timely and appropriate action; and they did so in order to continue reaping the wrongful benefits and profits flowing from the service provided for their customers by the trespassing fiber plants and fiber optic cables. **To date, over six weeks after Plaintiffs' notice, Defendants have failed to completely remove their trespassing items and materials.**

6.04   In early-July, Plaintiffs were approached by prospective buyers interested in purchasing portions of the Property upon which Defendants are trespassing. As such, Plaintiffs were forced to incur additional expense and retain counsel, in the hopes of urging Defendants to remove their trespasses as soon as possible. Additionally, Plaintiffs immediately informed Defendants of their discussions with the prospective buyers and the significant impediment caused by Defendants' trespasses to any prospective deal to purchase any portion of the Property. As such, Plaintiffs set a hard deadline of 5 PM CST on July 10, 2020 (the "Deadline"), by which Defendants were to remove all of their trespassing items and vacate the Property.

6.05 In response, in order to induce Plaintiffs' reliance and further delay legal action, Defendants' agents and representatives, including Ervin's counsel, promised that Defendants would remove all of their materials and completely vacate the Property by the Deadline, and not return for any reason without prior authorization from Plaintiffs. Specifically, such promises include, but are not limited to, the following:

- Verizon's agents and employees represented to Plaintiffs' president, that Defendants' trespassing materials would be removed by the end of June 2020.
- Following Plaintiffs' setting of the Deadline, Verizon's employee again represented on behalf of Verizon that Defendants' trespassing materials would be removed by the Deadline.
- On July 1, 2020, Ervin's representative, Sharon Willett, represented to Plaintiffs' president that the trespassing materials would be removed by "end of the week," beginning on July 5, 2020.
- On July 10, 2020, counsel for Ervin represented to Plaintiffs that the trespassing materials would be removed, and all of Ervin's employees, agents, and representatives would vacate the Property by the Deadline and not return for any reason without the express prior approval and consent of Plaintiffs.

6.06 Relying on Defendants' promises, Plaintiffs delayed further action in the hopes of arriving at an amicable resolution. **Shockingly, Defendants completely disregarded their promises and failed to remove their equipment and materials. Further, on full notice that they were knowingly trespassing, Defendants' agents and employees physically remained on the Property at various times throughout several days following the Deadline.** Thus, Plaintiffs are forced to bring the instant action.

## VII. CAUSES OF ACTION

*Count 1—Trespass to Land*

7.01 Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if set out in full below.

7.02   Plaintiffs own the Property (defined above). Defendants have physically and intentionally entered the Property, remained on the Property, without Plaintiffs' consent or authorization, and interfered with Plaintiffs' possession of the Property and their ability to use, market, sell, and lease the Property.

7.03   As a result of Defendants' acts and omissions, Plaintiffs have sustained significant damages.

*Count 2— Common Law Fraud*

7.04   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if set out in full below.

7.05   Defendants Verizon and Ervin, by and through their agents and representatives, made multiple representations that Defendants' trespasses would be removed from the Property by several prior dates. Such representations include, but are not limited to the following: (1) Verizon's agents and employees represented to Plaintiffs' president, that Defendants' trespassing materials would be removed by the end of June 2020; (2) following Plaintiffs' setting of the Deadline, Verizon's employee, again, represented on behalf of Verizon that Defendants' trespassing materials would be removed by the Deadline; (3) On July 1, 2020, Ervin's representative, Sharon Willett, represented to Plaintiffs' president that the trespassing materials would be removed by "end of the week," beginning on July 5, 2020; and (4) on July 10, 2020, counsel for Ervin represented to Plaintiffs that the trespassing materials would be removed, and all of Ervin's employees, agents, and representatives would vacate the Property by the Deadline and not return for any reason.

7.06   Defendants knew these representations were false at the time they were made. Further, Defendants made these and other misrepresentations with the intent that Plaintiffs would rely on

them and delay legal action so that Defendants could continue enjoying the wrongful profits and benefits flowing from the service provided for their customers by their trespassing fiber plants and fiber optic cables.

7.07 Plaintiffs acted reasonably in reliance on Defendants' above-referenced, material misrepresentations because several of them were made in writing.

7.08 As a result of Defendants' material misrepresentations, and Plaintiffs' justifiable reliance on same, Plaintiffs sustained significant damages.

*Count 3— Tortious Interference with Existing Contracts*

7.09 Plaintiff re-allege and incorporate by reference all preceding paragraphs as if set out in full below.

7.10 Defendants' intentional trespasses have interfered with several of Plaintiffs' existing contracts with its employees, vendors, contractors, and subcontractors to develop and operate the land on which the Property is located.

7.11 Defendant's interference with Plaintiffs' existing contracts has proximately caused Plaintiffs to incur significant damages.

*Count 4—Conspiracy to Commit Trespass, Fraud, and Tortious Interference*

7.12 Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out in full below.

7.13 Defendants Verizon and Ervin conspired with each another to trespass on the Property, remain on the Property for their wrongful benefit, tortiously interfere with Plaintiffs' existing contracts, and defraud Plaintiffs, inducing them to forego taking legal action in exercise of their rights, as set forth above.

7.14    As such, Defendants object in conspiring was to accomplish several unlawful purposes, and Defendants committed the unlawful acts, including those set forth in para. 7.01-7.11—above—in furtherance of the same.

7.15    As a proximate result of these wrongful acts, Plaintiffs have suffered significant injury.

*Count 5—Unjust Enrichment*

7.16    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if set out in full below.

7.17    Defendants wrongfully secured, or passively received, a benefit from Plaintiffs, which it would be unconscionable to retain (including, but not limited to, the compensation, revenue, and profits received by Defendants through the business conducted and services provided for their customers as a result of the construction, installation, and operation of their trespassing fiber plants and fiber optic cables on the Property) by way of fraud, duress, or taking undue advantage of Plaintiffs.

7.18    Further, Defendants personally benefited from their receipt of such compensation, revenue, and profits, after they were able to illegally construct and install their fiber plants and fiber optic cables on the Property, and continually provide network services to various clients and customers throughout north Texas.

7.19    In doing so, Defendants caused Plaintiffs to incur significant, actual damages.

## VIII.   ATTORNEY'S FEES

8.01    Plaintiffs have been required to retain attorneys to protect their rights and prosecute this action and their claims for recovery of damages and compensation owed as a result of Defendants' wrongful conduct. Under Texas law, Plaintiffs are entitled to recover its reasonable and necessary attorneys' fees.

## IX. REQUEST FOR DISCLOSURES

9.01 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs hereby request that Defendants disclose within 30 days of service of this request the information and materials described in Rule 194.2 (a) – (l).

## X. JURY TRIAL

10.01 Plaintiffs demand a jury trial of all claims asserted by it in this action.

## XI. DAMAGES

11.01 Defendants' trespasses on Plaintiffs' Property, fraudulent conduct, tortious interference with contracts, conspiracy to commit all of the foregoing, and unjust enrichment have caused Plaintiffs' substantial damages including but not limited to (1) the cost of occupying the Property to the exclusion of Plaintiffs' ability to develop and use their land; (2) the cost of delaying Plaintiffs' development operations, including labor and rental equipment; (3) the cost of replacing and/or reinstating such development operations; (4) the opportunity cost of Plaintiffs' inability to market, sell, and/or lease the Property in its current state due to Defendants' actions; and (5) a portion of the revenue and/or profits generated and received by Defendants as a result of their illegal trespass and utilization of Plaintiffs' Property. Additionally, Plaintiffs are entitled to exemplary damages arising out of Defendants' willful, egregious, and fraudulent conduct in furtherance of their illegal activities set forth herein.

## PRAYER

Plaintiffs respectfully request that Defendants be cited to appear and answer and, on final trial, Plaintiffs be awarded judgment against Defendants for the following:

a) Actual damages;
b) Exemplary damages;
c) Attorney's fees;
d) Pre-judgment interest;

    e)    Post-judgment interest;
    f)    Costs of suit; and
    g)    All other relief to which Plaintiffs are justly entitled.

DATED: July 14, 2020

Respectfully submitted

**MCCATHERN, PLLC**

*/s/ LEVI MCCATHERN*
Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com

Shane Eghbal
State Bar No. 24101723
seghbal@mccathernlaw.com

Regency Plaza
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
214.741.2662 Telephone
214.741.4717 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kayla Damron on behalf of Shahin Eghbal
Bar No. 24101723
kayladamron@mccathernlaw.com
Envelope ID: 44513732
Status as of 07/15/2020 08:24:01 AM -05:00

Associated Case Party: Frisco Sky, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| McCathern Receptionist | | receptionist@mccathernlaw.com | 7/14/2020 3:52:21 PM | SENT |
| Emily Snow | | esnow@mccathernlaw.com | 7/14/2020 3:52:21 PM | SENT |
| Levi McCathern | | lmccathern@mccathernlaw.com | 7/14/2020 3:52:21 PM | SENT |
| Shahin Eghbal | | seghbal@mccathernlaw.com | 7/14/2020 3:52:21 PM | SENT |
| Monica Rivas | | mrivas@mccathernlaw.com | 7/14/2020 3:52:21 PM | SENT |
| Kayla Damron | | kayladamron@mccathernlaw.com | 7/14/2020 3:52:21 PM | SENT |